# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Cynthia Diamond,<br><br>    Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services, LLC,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in St. Petersburg, FL at all times relevant to this action.

2. Defendant is a Delaware limited liability company that maintained its principal place of business in Phoenix, AZ at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section 559.55 *et seq.* of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the FCCPA, Florida Statutes §559.55(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Chrysler, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

16. On or around April 26, 2012, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

17. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

18. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on or around April 27, April 30, May 1, May 2, and May 3, 2012.

19. During the communication on April 27, 2012, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff. Defendant then stated that Defendant would garnish Plaintiff's wages if payment was not made on the debt.

20. At the time of the above communication, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

21. On April 27, 2012, Defendant telephoned Plaintiff's secretary in connection with the collection of the debt.

22. During this communication, Defendant stated they were calling to speak to payroll for Plaintiff.

23. On or around May 3, 2012, Defendant telephoned Plaintiff's place of employment's headquarters in connection with the collection of the debt and disclosed to Plaintiff's employer that Defendant was calling in connection with the collection of the debt.

24. Defendant caused Plaintiff emotional distress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

27. In support hereof, Plaintiff incorporates paragraphs 16-23 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

29. In support hereof, Plaintiff incorporates paragraphs 16-23 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

31. In support hereof, Plaintiff incorporates paragraphs 21-23 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

33. In support hereof, Plaintiff incorporates paragraphs 19-20 as if specifically stated herein.

## COUNT FIVE

### Violation of the Florida Consumer Collections Practices Act

34. Defendant violated Florida Statutes §559.72(4) by communicating or threatening to communicate with a Plaintiff's employer prior to obtaining final judgment against the debtor without express written permission.

35. In support hereof, Plaintiff incorporates paragraphs 19-23 as if specifically stated herein.

## COUNT SIX

### Violation of the Florida Consumer Collections Practices Act

36. Defendant violated Florida Statutes §559.72(5) by disclosing to a person other than the Plaintiff information affecting the Plaintiff's reputation with knowledge that the other person does not have a legitimate business need for the information or that the information is false.

37. In support hereof, Plaintiff incorporates paragraphs 19-23 as if specifically stated herein.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2).

c. Judgment against Defendant for punitive damages pursuant to Florida Statutes §559.77(2).

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By: _____
Fauzia A. Makar
Bar # 72123
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: fmakar@maceybankruptcylaw.com
Attorneys for Plaintiff